# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO A. BONILLA, | No. 4:17-CV-01661 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LAWRENCE P. MAHALLY, *et al.*, | |
| Respondents. | |

## ORDER

### NOVEMBER 26, 2019

Julio A. Bonilla, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] Bonilla raises numerous claims in his petition, including five claims of ineffective assistance of counsel and eight claims related to alleged trial errors.[2]

In June 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition.[3] Magistrate Judge Carlson recommends that several of Bonilla's claims are procedurally defaulted. First, Bonilla failed to raise in state court his claim of vindictive sentencing.[4] Second, the Superior Court of Pennsylvania determined that Bonilla had waived claims related to: (1) the introduction of testimony regarding

---

[1] Docs. 1, 3.
[2] *Id.*
[3] Doc. 13.
[4] *Id.* at 29.

"snitching"; (2) interpreter errors at trial; (3) inadequate witness sequestration; (4) admission of color photographs of the deceased victim; (5) belated discovery disclosures; and (6) insufficiency of the evidence.[5]

Magistrate Judge Carlson further reasons that Bonilla's ineffective assistance of counsel claims fail because one is not cognizable and, as to the other two, there is no evidence of deficient performance or prejudice.[6] Finally, Magistrate Judge Carlson concludes that Bonilla's *Batson*[7] claim is without merit because there is no evidence of purposeful discrimination, and the state court properly determined that the prosecution provided legitimate, race-neutral reasons for striking the potential jurors.[8]

Bonilla filed timely objections to the Report and Recommendation.[9] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[10] Regardless

---

[5] *Id.* at 28-30. The Superior Court relied on Pa. R. App. P. 302(a), 2119(a), to conclude that these issues were waived either through the failure to object at trial, or the failure to properly present the issues on appeal. (Doc. 10-42 at 3-25). The United States Court of Appeals for the Third Circuit has concluded in unpublished opinions that Rules 302(a) and 2119(a) constitute independent and adequate procedural rules that support a finding of procedural default. *See Leake v. Dillman*, 594 F. App'x 756, 758-59 (3d Cir. 2014) (Rule 2119(a)); *Thomas v. Sec'y, Pa. Dep't of Corr.*, 495 F. App'x 200, 205-06 (3d Cir. 2012) (Rule 302(a)).
[6] Doc. 13 at 35-38.
[7] *Batson v. Kentucky,* 476 U.S. 79 (1986).
[8] Doc. 13 at 38-42.
[9] Docs. 14, 14-1.
[10] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[11] After reviewing the record de novo, the Court finds no error in Magistrate Judge Carlson's conclusions that Bonilla's claims are procedurally defaulted[12] or without merit. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 13) is **ADOPTED**;

2. Bonilla's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[13] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[12] In his objections, Bonilla contends that his claims are not procedurally defaulted because "the State Court's [sic] have carefully considered the merits of these various and secondary claims and made specific detailed factual findings which addressed the merits of Petitioner's aforementioned claims." (Doc. 14-1 at 4). However, the Superior Court's opinion made clear that Bonilla's claims were waived and that it was considering the merits of those claims only in the alternative. (*See* Doc. 10-42 at 3-25). As the United States Supreme Court has emphasized "a state court need not fear reaching the merits of a federal claim in an *alternative* holding . . . [as case law] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). *See also Campbell v. Burris*, 515 F.3d 172, 177 (3d Cir. 2008) ("Even when the state court decision rests on alternative holdings, one based on federal law and the other based on a state procedural rule of preclusion, for example, the court's reliance on federal law does not deprive the state rule of its independence if the state rule is sufficient alone to support the judgment").

[13] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).